# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-03027-01-CR-S-MDH |
| ) | |
| MATTHEW PRICE, ) | |
| ) | |
| Defendant. ) | |

## REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Defendant Matthew Price filed a Motion to Suppress, (Doc. 24), seeking to suppress any and all evidence or statements derived as a result of the warrantless search of a 1993 Ford Crown Victoria and containers within the vehicle, the seizure of any items located in the vehicle, and any and all statements allegedly made by Defendant Price after the warrantless search and seizure as "fruits of the poisonous tree." On September 27, 2016, the undersigned held a hearing on the Motion. Defendant appeared with his attorney, Ian A. Lewis, and the United States was represented by Assistant United States Attorney James Kelleher. During the hearing, the Court heard testimony from David Loe, a deputy with the Christian County, Missouri Sheriff's Office, and Chastity Ashworth, former deputy with the Christian County Sheriff's Office. Based on the evidence of record and for the following reasons, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

I. **Findings of Fact**

On December 8, 2015 at approximately 4:42 a.m., Deputies Chastity Ashworth and David Loe of the Christian County, Missouri Sheriff's Office conducted a traffic stop of a Ford

Crown Victoria on Highway 160 for failing to display a front license plate. Upon stopping the vehicle, Deputy Loe approached the driver's side, while Deputy Ashworth approached the passenger's side. They identified the driver as Defendant Matthew Price and the passenger as Jordan Wrinkle. During the initial contact with the deputies, Defendant told Deputies Loe and Ashworth that his license was revoked and that the vehicle was unregistered. Deputy Loe then asked Defendant to exit the vehicle and hand him the ignition key. At that time, Deputy Loe placed the keys on top of the vehicle. After running a check on Defendant's name, the deputies discovered that Defendant did indeed have a revoked license. A check on the vehicle confirmed that it was not registered. Defendant was then placed under arrest for driving while his license was revoked, and was secured in the police vehicle.

The deputies also ran a check on Wrinkle's name during the stop and discovered that she had a warrant out for her arrest in Webster County, Missouri. Once they discovered that information, they asked Wrinkle to step out of the car. At that point, they noticed what appeared to be a marijuana cigarette in Wrinkle's boot. Wrinkle stated that it was, in fact, a marijuana cigarette. Deputy Ashworth then placed Wrinkle under arrest for possession of the marijuana and the warrant out of Webster County. After Defendant and Wrinkle were arrested and placed in the police vehicle, the deputies noticed a pink mental pill bottle attached to the key ring alongside the vehicle's keys. They opened the lid of the bottle and observed a white powdery substance in that bottle, as well as a clear plastic baggie containing a crystal-like substance. The white powder field-tested positive for methamphetamine.

During the hearing, the witnesses did not agree as to whether the Christian County Sheriff's Office has a written policy regarding the towing of vehicles after an arrest. Deputy Ashworth testified that there was a written policy, while Deputy Loe testified that he knew a

2

policy existed but was unsure whether the policy was written. However, both deputies stated that such a policy existed, and stated that they do not leave a car on the side of the road after an arrest has been made and there is no licensed driver to drive it elsewhere. In this case, the driver had been arrested, the car was not registered to the driver, and there was no other licensed individual who could take the car. As a result, Deputy Loe conducted a search of the vehicle prior to it being towed to an impound lot. He documented the contents of the vehicle using an inventory tow log and through photographs. During the search, Deputy Loe recovered a loaded .45 caliber semi-automatic pistol from the trunk. Among the other items recovered during the search were drug paraphernalia from under the seats and electronics in the trunk.

Deputy Loe advised Defendant of his *Miranda* rights upon returning to the police vehicle, which Defendant acknowledged he understood, and asked Defendant some questions about the vehicle and its contents. Defendant stated that the gun belonged to him. Defendant was then transported to the Christian County Jail. After arriving at the jail, Defendant gave verbal and written consent to search the vehicle.

## II. Conclusions of Law

Defendant argues that the warrantless search of the Ford Crown Victoria should be suppressed, as well as any evidence or statements derived therefrom as fruits of the poisonous tree. (Doc. 24.) Specifically, Defendant contends that the warrantless search does not fall under any of the established and well-delineated exceptions to the Fourth Amendment warrant requirement. (*Id.*) The Government argues that the deputies lawfully conducted a search of the vehicle. (Doc. 27.) First, the Government asserts that the deputies had probable cause to believe additional evidence of criminal acts would be found in the vehicle after they discovered marijuana on Wrinkle and methamphetamine on Defendant; thus, the Government argues the

3

search falls under the automobile exception. (*Id.*) Second, the Government contends that the deputies were entitled to conduct an inventory search of the vehicle, another exception to the Fourth Amendment's warrant requirement, prior to having it towed to an impound lot. (*Id.*) The Court takes up the parties' arguments below.

The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. *See* U.S. Const. amend. VI.; *United States v. Va Lerie*, 424 F.3d 694, 701 (8th Cir. 2005). Generally, evidence found as a result of an unlawful search or seizure, and the fruits therefrom, cannot be used against a defendant and must be suppressed. *United States v. Riesselman*, 646 F.3d 1072, 1078-79 (8th Cir. 2011). However, searches conducted pursuant to established and well-delineated exceptions do not require a warrant and are thus not unreasonable. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). For example, one exception to the warrant requirement allows for the warrantless search of automobiles if there is probable cause to believe the vehicle contains evidence of criminal activity. *See United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011). Probable cause exists when, considering the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Scott*, 610 F.3d 1009, 1013 (8th Cir. 2010) (internal marks and quotations omitted).

In this case, the deputies had probable cause to search the vehicle after they discovered the marijuana cigarette in Wrinkle's boot. Wrinkle was a passenger in the vehicle and had drugs on her person at that time. These facts created a fair probability that contraband or other evidence of a crime would be found inside the car. *See United States v. Rowland*, 341 F.3d 774, 785 (8th Cir. 2003) (discovery of drug paraphernalia during a *Terry* frisk was "sufficient to create probable cause to search the entire vehicle."); *see also United States v. Miles*, 2014 WL

4

5844100, *6 (W.D. Mo. Nov. 12, 2014) (officer's discovery of marijuana cigarette in plain view justified search of the vehicle); *United States v. Rosas*, 2011 WL 7046028, *10 (D.Minn. Nov. 23, 2011) (officer's discovery of marijuana in plain sight in car provided sufficient probable cause for full search of car and its compartments based on automobile exception); *United States v. Drake*, 2009 WL 1158675, *6 (E.D.Mo. Apr. 28, 2009) (observation of marijuana in plain view gave officer probable cause to search areas of vehicle where further marijuana or other drugs could be hidden). Further, after the discovery of the marijuana cigarette, the deputies were permitted to search "any area of the vehicle in which evidence might be found," including under the seats and in the trunk of the car. *See United States v. Webster*, 625 F.3d 439, 445 (8th Cir. 2010) (quoting *United States v. Grooms*, 602 F.3d 939, 942-43 (8th Cir. 2010)). Thus, the officers were justified in conducting a warrantless search of the Crown Victoria under the automobile exception, and any evidence discovered in the course of the search need not be suppressed. Additionally, any evidence discovered or statements made derived therefrom need not be suppressed as "fruits of the poisonous tree."

Because the automobile exception applies, the Court need not decide whether the search also falls under the Fourth Amendment exception for inventory searches. But, the Court notes that the evidence presented during the hearing on this matter was unclear as to whether the Christian County Sheriff's Office has a *written* tow policy and what exactly the policy – written or not – provides. *See United States v. Marshall*, 986 F.2d 1171, 1175 (8th Cir. 1993) (law enforcement may inventory the contents of a vehicle to be impounded without a warrant or probable, but that search must be conducted pursuant to standardized police procedures in order to be a valid exception to the rule). If the Government intends to rely on the inventory search exception in the future, it is insufficient to simply present testimony that a policy exists and the

5

assertion that it was followed to show that the search was conducted pursuant to standardized police procedures.

## III. Recommendation

Based on the foregoing discussion, the undersigned hereby **RECOMMENDS** that Defendant's Motion to Suppress, (Doc. 24), be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 12, 2016